Marxell and Colleen RITTER, Plaintiff
and Appellants,

v.

Darrell JOHNSON, Defendant
and Appellee.

No. 16982.

Supreme Court of South Dakota.

Considered on Briefs Nov. 27, 1990.

Decided Jan. 23, 1991.

Rick Johnson, Gregory, for plaintiff and appellants.

Mark Smith, Asst. Atty. Gen., Pierre, for defendant and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

SABERS, Justice.

Ritter appeals a judgment against his cause of action in tort against Johnson.

## FACTS

On January 16, 1986, truck driver Ritter was hauling rock from a quarry near Spencer, South Dakota to Ft. Randall Dam. As he was heading west on Highway 18, near the dam, Ritter turned off onto a muddy service road that led down and west across the face of the dam to the place where he was to dump the rocks. Ritter stopped with the wheels of his trailer still on the shoulder of Highway 18 because another vehicle partially blocked the turnoff. While Ritter was stopped, the project boss approached him and told him that he was supposed to take his truck to the weigh station further west on Highway 18 before proceeding down the face of the dam to unload. However, Ritter decided not to go to the weigh station because he believed backing up onto the highway could be a dangerous maneuver, and because he already had a scale ticket from the Spencer rock quarry which showed that his load was within legal weight limits for his rig.[1] Ritter continued down the dirt service road.

Johnson was a civilian employee of the Motor Carrier Division of the South Dakota Highway Patrol on duty at the portable weigh station atop the dam that day. When Johnson saw Ritter proceeding toward the face of the dam without checking in at the weigh station, he approached him on foot and signaled him to stop again. Ritter and Johnson had words. The gist of their conversation was Johnson's demand that Ritter have his truck weighed before unloading it and Ritter's insistence that he could not now safely turn the truck around with a full load. Johnson suggested that Ritter continue to drive the truck west across the face of the dam and approach the weigh station from the other side by coming east on Highway 18. Johnson was unaware that the service road across the dam face was blocked further west, and that Ritter's only alternatives at that point were to turn around loaded on the face of the dam or to disobey Johnson's order by unloading before turning around.

Ritter tried to turn around loaded but he was unsuccessful. The truck rolled over, injuring Ritter and damaging the truck.

On January 14, 1988, Ritter brought suit against the State of South Dakota, the Commerce Department, Johnson and another state employee present at the weigh station that day. Ritter claimed damages

---

**1.** Ritter's rig consisted of a Mack truck pulling a pup trailer with an overall length of sixty feet and a gross weight of 79,000 pounds, or approximately 39½ tons, on the day of the accident.

from loss of the truck, personal injuries and economic loss, and he also alleged a cause of action under 42 U.S.C. § 1983 (1988). On September 8, 1988, the trial court granted motions to dismiss filed on behalf of State, Commerce Department and the other state employee. Ritter's complaint against Johnson, the only remaining defendant, was tried to the court on June 9, 1989. Judgment for Johnson and against Ritter was entered on November 28, 1989.

On appeal, Ritter claims that the court erred in ruling that:

(1) Johnson acted within the scope of his authority;

(2) Johnson's order to Ritter to go to the weigh station was neither a negligent act nor an intentional tort; and,

(3) Ritter stated no cause of action under 42 U.S.C. § 1983.

We affirm.

### 1. *Scope of Johnson's Authority*

■ The significance of whether Johnson acted within the scope of his authority is that if he was exceeding his authority, he is not protected by the state's sovereign immunity and is liable for damages caused by negligence or intentional tort. *National Bank of South Dakota v. Leir*, 325 N.W.2d 845, 847 (S.D.1982); *Sioux Falls Constr. Co. v. City of Sioux Falls*, 297 N.W.2d 454, 458 (S.D.1980); Restatement (Second) of Tort § 895D(3) (1979). For this reason, the parties argue at length which

statutory authority Johnson was acting under when he ordered Ritter to the weigh station and whether Johnson exceeded the scope of that authority.[2]

■ However, even assuming that Johnson was acting within the scope of some statutory authority, his act is still not protected by the state's sovereign immunity if it was a ministerial act. *Gasper v. Freidel*, 450 N.W.2d 226, 230–232 (S.D. 1990); *Bego v. Gordon*, 407 N.W.2d 801, 806–807 (S.D.1987); *National Bank of South Dakota v. Leir*, 325 N.W.2d at 850; *Kruger v. Wilson*, 325 N.W.2d 851, 854 (S.D.1982); Restatement, *supra*, § 895D(3)(a). The reason that state employees are shielded from lawsuits by the state's immunity when they perform discretionary acts within the scope of their authority is that such discretionary acts participate in the state's sovereign policy-making power. *National Bank v. Leir, Id.*; *Sioux Falls Constr. Co. v. City of Sioux Falls, Id.*; 63A Am.Jur.2d *Public Officers and Employees* § 361 (1984). In contrast, a ministerial act is the simple carrying out of a policy already established, *National Bank of South Dakota v. Leir, Id.* at 848–849, *State v. Ruth*, 9 S.D. 84, 91, 68 N.W. 189, 190–191 (1896), so that permitting state employees to be held liable for negligence in the performance of merely ministerial duties within the scope of their authority does not compromise the sovereignty of the state.[3]

2. Johnson argues, and the court found, that he acted within the scope of SDCL 32–2–7, which authorizes motor carrier inspectors to check the permits and weigh the loads of "motor vehicles and motor carriers over and upon the highways of this state." Ritter argues that Johnson exceeded the scope of his authority under SDCL 32–2–7 because Ritter's truck was off the highway, and had never been driven past Johnson's scales, when Johnson intercepted it. Ritter contends that if any statute is applicable, it is SDCL 32–22–50, which permits officers to order vehicles they believe to be over legal weight limits to "be driven to the nearest scales ... within five miles." However, since Johnson admits he had no reason to believe Ritter was in violation of any law, Ritter argues that Johnson's act also exceeded the scope of his authority under SDCL 32–22–50.

3. Despite the rule of *Gasper, Bego, Leir, Kruger, Sioux Falls Constr. Co.* and *Ruth* that sovereign

immunity cannot constitutionally shield state employees performing ministerial acts from liability for negligence, two statutes purport to extend sovereign immunity to all acts within the scope of state employment "whether such acts are ministerial or discretionary[.]" SDCL 21–32–17 and 21–32A–2. Consequently, the constitutionality of these statutes is open to question. *See Gasper*, 450 N.W.2d at 233; *id.* at 234–236 (Sabers, J., specially concurring); *Bego*, 407 N.W.2d at 808.

Johnson does not cite either statute in support of his position. Ritter incorrectly claims that neither statute was in effect at the time this cause of action arose.

The constitutionality of SDCL 21–32A–2 need not be reached because it did not go into effect until after Ritter's accident and has no retroactive effect. *Gasper*, 450 N.W.2d at 233; *Bego*, 407 N.W.2d at 808.

In contrast, SDCL 21–32–17 was enacted prior to the facts of this case, in 1983, and we could

There is no dispute that Johnson was performing a ministerial act when he ordered Ritter to the weigh station. The court so found and neither Johnson nor Ritter contest the point. Therefore, Johnson's acts, if negligent or intentionally tortious, are not protected from suit by the state's sovereign immunity whether within or without the scope of his authority. Thus, there is simply no reason to determine which statutory authority Johnson acted under and whether he exceeded it.

### 2. *Negligent Act or Intentional Tort?*

■ The court found that while Johnson gave Ritter a general order to bring his truck to the weigh station, he did not specifically order Ritter to turn the truck around on the face of the dam, and that he suggested Ritter bring the truck back up to the highway by another route which he mistakenly believed to be open. The court concluded that Johnson was not guilty of negligence in so acting.

Negligence is the failure to exercise the ordinary care which a reasonable person would exercise under similar conditions. *Lovell v. Oahe Electric Cooperative*, 382 N.W.2d 396, 398 (S.D.1986); *Wittmeier v. Post*, 78 S.D. 520, 526, 105 N.W.2d 65, 68 (1960); *Granflaten v. Rohde*, 66 S.D. 335, 339, 283 N.W. 153, 155 (1938). "What constitutes due care and other questions relating to negligence ... are generally questions of fact for the jury." *Lovell v. Oahe, Id.* at 399 (*citing Hitzel v. Clark*, 334 N.W.2d 37, 38 (S.D.1983); *Stoltz v. Stonecypher*, 336 N.W.2d 654, 657 (S.D.1983)). Here, the trial court was acting in place of the jury as fact finder.

There was some disagreement in the testimony about exactly what Johnson said to Ritter just before Ritter tried to turn the truck around. However, the trial court's findings as to what Johnson said are supported by the record and will not be disturbed because they are not clearly erroneous. We defer to the trial court's evalua-

tion of witness credibility. *State v. Pfaff*, 456 N.W.2d 558, 561 (S.D.1990); *Langerman v. Langerman*, 336 N.W.2d 669, 670 (S.D.1983). On the basis of the facts found by the court, we affirm the court's conclusion that Johnson's acts were not negligent.

Ritter contends that the court erred in concluding that *because* Johnson's acts were ministerial in nature, he *could not have been* negligent. However, there is nothing in the Findings of Fact and Conclusions of Law to support this interpretation of the court's ruling. In separate Conclusions of Law, the court held that Johnson's act in ordering Ritter to the weigh station was both (1) ministerial and (2) not negligent. On the record, neither conclusion is erroneous.

Ritter also suggests that Johnson was guilty of committing an intentional tort. Again, there is nothing in the record which supports that contention and we affirm.

### 3. *§ 1983 Action*

■ Under 42 U.S.C. § 1983, plaintiffs have a federal cause of action against any person acting under the color of law who deprives them of rights, privileges or immunities secured by the Constitution and laws of the United States. Ritter claims that Johnson's acts deprived him of his right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments and his due process property rights under the Fourteenth Amendment.

There is no dispute that Johnson acted under the color of law. The issue is whether Johnson's order to Ritter to bring his truck to the weigh station deprived Ritter of constitutional rights.

Assuming without deciding that Johnson's order to Ritter which prompted Ritter to try to turn his truck around constituted a "seizure" within the meaning of the Fourth Amendment, such a seizure is clearly not an unreasonable seizure in view of the "closely regulated" nature of the truck-

not avoid ruling on its constitutionality if we concluded that Johnson's acts were both 1) ministerial and 2) negligent. However, since the trial court found no negligence and we affirm, the constitutionality of 21–32–17 need not be

reached here either. *See Gasper,* 450 N.W.2d at 233. *Cf. Aune v. B–Y Water District,* 464 N.W.2d 1 (S.D.1990); *Oien v. City of Sioux Falls,* 393 N.W.2d 286 (S.D.1986).

ing industry. *New York v. Burger*, 482 U.S. 691, 702, 107 S.Ct. 2636, 2643, 96 L.Ed.2d 601 (1987). The state has a "substantial interest" in enforcing its truck inspection regulatory scheme; warrantless inspections are "necessary to further the regulatory scheme"; and there is sufficient "certainty and regularity" in the application of the regulatory scheme to provide a "constitutionally adequate substitute for a warrant." 482 U.S. at 702–703, 107 S.Ct. at 2644.

As to Ritter's due process claim, a § 1983 cause of action against a state agent will not lie without a showing of intentional or at least reckless conduct on the part of the state agent. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Nishiyama v. Dickson County, Tenn.*, 814 F.2d 277, 281–282 (6th Cir.1987). "[N]egligent conduct by a government official does not constitute a 'deprivation' within the meaning of the due process clause, primarily because negligent conduct does not involve the sort of abuse of authority that the due process clause was intended to prevent." *Reed v. Allegan County*, 688 F.Supp. 1239, 1244 (W.D.Mich. 1988). Not only did Johnson's conduct not rise to the level of intent or recklessness, it did not even rise to the level of negligence.

More broadly, there is no § 1983 liability when there is no showing that the actions of the state agent proximately caused the damages. *Rasmussen v. Larson*, 863 F.2d 603, 605–606 (8th Cir.1988); *Jennings v. Davis*, 476 F.2d 1271, 1273–1274 (8th Cir.1973). Here, Ritter could have opted to disobey Johnson's order by proceeding to unload or by refusing to execute a turn under slippery conditions on the face of the dam.

Affirmed.

MILLER, C.J., WUEST and HENDERSON, JJ., and MORGAN, J. (Retired), concur.

MORGAN, J., (Retired), participating.

HERTZ, Circuit Judge, Acting as a Supreme Court Justice, not participating.